UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - -x    07-CIV-
U2 HOME ENTERTAINMENT, INC.,                :
                                            :
                Plaintiff,                  :
                                            :
            vs.                             :
                                            :
"JOHN DOES" I THROUGH V DOING BUSINESS      :
AS "BROADWAY VIDEO"                         :
                                            :
                Defendants.                 :
                                            :
- - - - - - - - - - - - - - - - - - -x


PLAINTIFF'S MEMORANDUM OF LAW
IN SUPPORT OF ITS APPLICATION
FOR AN ORDER OF SEIZURE AND IMPOUNDMENT AND
MOTION FOR TEMPORARY SEALING OF THE COURT FILE

TABLE OF CONTENTS

Page

Preliminary Statement.......................................2

Statement of Facts..........................................5

Argument....................................................6

I.    An Ex Parte Order of Seizure and Impoundment
      Should Be Granted.....................................6

      A.    Plaintiff is Likely to Prevail on the
            Merits of Its Copyright Infringement Claims.......8

      B.    Plaintiff Will Be Denied Meaningful Relief
            If Impoundment Is Not Ordered At This Time.......13

      C.    On Numerous Occasions, Courts Have Granted
            Plaintiff's Applications for Orders of Seizure....15

      D.    Impoundment May Also Be Appropriate Under the
            Lanham Act.......................................18


II.   Justice Will Be Best Served By An Order Temporarily
      Sealing The Court File In This Case..................18

Conclusion.................................................20

### PRELIMINARY STATEMENT

This is a copyright infringement action involving the infringing distribution of illegally duplicated and/or illegally imported videodiscs of copyrighted motion pictures in violation of plaintiff's exclusive rights under the Copyright Act and the Lanham Trademark Act.

Plaintiff U2 Home Entertainment, Inc. is a California corporation doing business as Century Home Entertainment, New Image Audio & Video and Tai Seng Entertainment, formerly Tai Seng Video Marketing. Plaintiff has obtained exclusive authority from Asian language theatrical motion picture production and distribution companies and television program owners in Asia to distribute their works. All of the motion pictures at issue herein are registered under the United States Copyright Act or have applications for copyright registration pending; or are protected under international copyright conventions. Also, these works are protected under the Lanham Act since legitimate copies bear federally registered trademarks and tradenames. Pursuant to that authority, plaintiff imports, manufactures or authorizes the manufacture of the motion pictures in videocassette, laser disc, video compact disc ("VCDs") and digital versatile disc ("DVDs") formats and distributes these authorized copies in Asian-American communities throughout the United States, including New York.

2

Plaintiff owns exclusive distribution rights for each of the motion pictures listed in Exhibit A to the Complaint, which exhibit is also attached to the proposed Order of Seizure. (Hereinafter referred to as "Plaintiff's Motion Pictures").

Defendants "John Does" I through V doing business as "Broadway Video" operate a retail video store at 120 East Broadway, New York, New York.  Plaintiff has never granted to defendants the right to import, reproduce or to distribute unauthorized videocassettes or videodiscs of Plaintiff's Motion Pictures.  Nonetheless, as the affidavits accompanying this application demonstrate, defendants have distributed and/or duplicated unauthorized copies of Plaintiff's Motion Pictures. Defendants' conduct violates plaintiff's exclusive rights under Section 106 of the Copyright Act of 1976, 17 U.S.C. §106(1) and §106(3).

As a result of this unlawful and infringing activity, plaintiff is being irreparably injured.  Indeed, it is well-established that irreparable injury is presumed when a copyright or trademark is infringed.  Even if irreparable injury is not presumed plaintiff, in fact, is irreparably injured by defendants' copyright infringement.

In view of the defendants' clear violation of plaintiff's rights under the copyright laws, 17 U.S.C. §503 and Rule 65(f) of the Federal Rules of Civil Procedure authorize the immediate

seizure from defendants and impoundment of unauthorized copies of plaintiff's copyrighted motion pictures.

It is crucial in this case that the Order of Seizure be granted without notice to defendants because of the ease with which defendants could, if notified of this application, dispose of the unauthorized copies and equipment used for their manufacture.  Proceeding without notice will limit the risk that defendants will attempt to destroy, remove or hide the infringing copies and the equipment that may have been used to produce them before they can be seized or impounded.

In order to insure that defendants do not receive prior notice of this application, plaintiff seeks an order temporarily sealing the Court file in this case.

An investigation of defendants' store conducted by plaintiff establishes that defendants are selling unauthorized copies of Plaintiff's Motion Pictures.  Plaintiff's investigator purchased 6 unauthorized discs from defendants' store.  These copies are illegally duplicated copies of plaintiff's copyrighted works.  Defendants may also be distributing unauthorized parallel imports, meaning defendants imported copies of these movies from overseas without the permission of plaintiff, the exclusive distribution/importation rights holder. The ex parte seizure order provides for the impoundment of unauthorized imports and illegally duplicated copies, as well as

any equipment being used to manufacture such illegally
duplicated copies.

## STATEMENT OF FACTS

The following is a summary of the facts relevant to this
motion, which are fully set forth in the accompanying affidavits
of Judy Yang and Lynda Hung.

As stated above, plaintiff has obtained the exclusive
rights from Asian language theatrical motion picture and
television program production and distribution companies located
in Asian countries to manufacture and distribute copyrighted
motion pictures in the United States. Attached to the Complaint
in this action as Exhibit A is a non-exhaustive list of
copyrighted motion pictures which are currently registered or
awaiting registration in the United States Copyright office,
and/or are protected under international copyright conventions.
Plaintiff is the exclusive licensee of these copyrighted works.

Defendants have engaged in video piracy.  As set forth in
the affidavits of Ms. Yang and Ms. Hung submitted in support of
this application for a seizure order, defendants are engaged in
the distribution of videodiscs that appear to be illegally
duplicated videodiscs of Plaintiff's Motion Pictures.  These
illegal videodiscs are easily identified as such, since they
have handwriting on the disc labels, lack a professional

appearance and lack plaintiff's trademarks, labeling, copyright
notices or copyright warnings.  In addition to their
distribution of illegally duplicated copies, defendants may also
be selling illegally imported copies.  These are easily
identified as such since they have a professional appearance but
do not bear any of plaintiff's trademarks or tradenames.

Plaintiff does not know whether defendants imported these
illegal discs, duplicated them or whether the defendants
acquired them from a third party.  If in the course of the
proposed seizure the United States Marshal determines that
defendants are engaged in illegal duplication, the proposed
order provides for the seizure of the duplicating equipment.

**ARGUMENT**

I.    AN EX PARTE ORDER OF SEIZURE AND IMPOUNDMENT
      SHOULD BE GRANTED.

Section 503(a) of the Copyright Act provides for the
impoundment of infringing materials in copyright infringement
actions as follows:

> At any time while an action under this title
> is pending, the court may order the
> impounding, on such terms as it may deem
> reasonable, of all copies or phonorecords
> claimed to have been made or used in
> violation of the copyright owner's exclusive
> rights, and of all plates, molds, matrices,
> masters, tapes, film negatives, or other
> articles by means of which such copies or
> phonorecords may be reproduced.

The decision to issue an impoundment order has long been

held to be within the discretion of the court; the statute
provides no standard to apply.  Martin Luther King, Jr. Center
For Social Change, Inc. v. American Heritage Products, Inc., 508
F. Supp. 854 (N.D.Ga. 1981), rev'd on other grounds, 694 F.2d
674 (11th Cir. 1983).  As demonstrated below, plaintiff has
established a prima facie case of copyright infringement and is
likely to succeed on the merits of its copyright claims.  Unless
an ex parte order of seizure and impoundment is issued,
plaintiff will be denied meaningful relief.

Rule 65 was amended in 2001 to add a section (f) which
provides:

"(f) Copyright Impoundment.  This rule applies to
copyright impoundment proceedings."

The Advisory Committee Notes accompanying this revision
state that this provision was added in conjunction with the
abrogation of the antiquated Copyright Rules of Practice of
1909, which may no longer satisfy current due process
requirements.  The Notes also stated that:

"...courts have provided clear illustrations of the
kinds of showings that support ex parte relief.  See
Matter of Vuitton et Fils S.A., 606 F.2d 1(2d Cir.
1979); Vuitton v. White, 945 F.2d 569 (3d Cir. 1991)."

In Matter of Vuitton, supra, plaintiff petitioned for a
writ of mandamus instructing the district court to issue an ex
parte seizure order.  In granting the petition, the Second
Circuit held that in trademark actions where the goods are

nearly identical to legitimate goods, irreparable injury exists and notice should not be required, since to do so would "serve only to render fruitless further prosecution of this action." Id. at 4-5.

In Vuitton v. White, supra, the Third Circuit held that the district court's refusal to grant a seizure order to be an abuse of discretion.  (In the time between these two decisions, Congress passed the seizure provisions of the Trademark Counterfeiting Act of 1984 that set forth specific statutory authority and procedure for obtaining seizure orders, 15 U.S.C. 1116(d)).

Under the standards set by these two decisions, it is clear that in cases where the infringing goods are nearly identical to legitimate goods, ex parte seizure orders are appropriate.

A.   Plaintiff is Likely to Prevail on the
     Merits of Its Copyright Infringement Claims.

 To establish a prima facie case of copyright infringement and thus show probable success on the merits of its claims, plaintiff must show that (1) it owns exclusive rights under valid copyrights in the motion pictures listed in Exhibit A to the Complaint, and (2) defendants violated one of the exclusive rights granted plaintiff in 17 U.S.C. §106 by copying or distributing plaintiff's copyrighted motion pictures without authorization.  See, for example, Hasbro Bradley, Inc. v.

Sparkle Toys, Inc., 780 F.2d 189, 192 (2d Cir. 1985);and Novelty Textile Mills, Inc. v. Joan Fabrics Corp., 558 F.2d 1090, 1092 (2d Cir. 1977).

The Copyright Act provides that the certificate of copyright registration "shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c). See Apple Computer, Inc. v. Formula International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); Iris Arc v. S.S. Sarna, Inc., 229 U.S.P.Q. 25, 27 (E.D.N.Y. 1985). Attached to the Complaint are photocopies of the copyright registration certificates or applications therefor for each motion picture recently purchased from defendants. Further, Ms. Hung states in his affidavit that plaintiff is the exclusive distributor of these copyrighted works. Plaintiff thereby establishes prima facie ownership of copyright, the first element of plaintiff's copyright infringement claims.

Moreover, there can be no doubt that plaintiff will be able to prove that defendants illegally distributed videodiscs without authorization, and thus will succeed on the second element of its copyright claims. As the affidavits of Ms. Yang and Ms. Hung make plain, the videodiscs distributed by defendants are illegally duplicated copies of plaintiff's works. Defendants have thus infringed plaintiff's copyrights by distributing plaintiff's copyrighted motion pictures in

violation of 17 U.S.C. §106(3).

Since defendants are distributing illegally duplicated copies of Plaintiff's Motion Pictures it is likely that defendants are also distributing illegally imported copies of Plaintiff's Motion Pictures.  As the exclusive rights holder, plaintiff has the right to ban such unauthorized imported copies into the United States.  As the United States Supreme Court has recognized the distribution right set forth in section 106(3) is in essence "a distinct statutory right . . . to control the first public distribution of an authorized copy" of a copyrighted work. Harper & Row Publishers, Inc. v. Nation Enterprises, 471 U.S. 539, 552 (1985) (quoting 1976 House Report).  The holder of the exclusive right of distribution in the United States has the right to bar the importation of the importation of copies of the work manufactured abroad under 17 U.S.C. §602.  As stated in Quality King Distributors v. L'Anza Research International, Inc. 523 U.S. 135, 148 (1998):

> Even in the absence of a market allocation agreement between, for example, a publisher of the United States edition and a publisher of the British of the same work, each such publisher could make lawful copies.  If the author of the work gave he exclusive United States distribution rights-enforceable under the Act-to the publisher of the United States edition and the exclusive British edition rights to the publisher of the British edition, [FN20] however, presumably only those made by the publisher of the United States edition would be "lawfully made under this title" within the meaning of

§109(a). The first sale doctrine would not provide the publisher of the British edition who decided to sell in the American market with a defense to an action under§602(a) (or, for that matter, to an action under §106(3), if there is a distribution of copies).

Since Quality King there have been numerous decisions upholding the right of a United States exclusive rights holder to bar the importation of goods manufactured abroad.

In U2 Home Entertainment, Inc. v. Lai Ying Music & Video Trading, Inc. and Wei Ping Yuan, 2005 U.S. Dist. LEXIS 9853 (S.D.N.Y. May 25, 2005) aff'd in relevant part 2007 U.S. App. LEXIS 8650 (April 9, 2007), the court upheld plaintiff's right to stop the unauthorized importation of its motion pictures into the United States. (It should be noted that the plaintiff in Lai Ying, is U2 Home Entertainment Inc., the same plaintiff in the current case.) As in this case, Lai Ying imported Plaintiff's Motion Pictures into the United States without the authorization of U2 Home. The Court stated that "the importation of copies into the United States of a work manufactured in a foreign country can form the basis for a copyright infringement claim by an exclusive licensed U.S. distributor without regard to the first sale doctrine." Id. at *4. See also, U2 Home Entertainment, Inc v. Rolling Rock Music Corp., 2005 WL 2414351 (S.D.N.Y. September 30, 2005), adopting the Lai Ying court's reasoning in a similar copyright infringement seizure case.

In <u>UMG Recordings Inc. v. Norwalk Distributors Inc.</u>, 68 U.S.P.Q.2d 1635 (C.D. Calif. March 13, 2003), the court, in denying a motion to dismiss the claim, upheld the right of a phonorecords company to stop the unauthorized importation of its records that were produced in foreign countries. In this case, the defendant without authorization imported and distributed phonorecords. The court states that "<u>Quality King</u> establishes that where products are manufactured in the United States, exported by the manufacturer, sold in a foreign market, and subsequently reimported to the United States, the first sale doctrine applies." <u>Id</u>. at 1638. The court went on to distinguish this case by stating that "the critical distinction, however, between the present case and <u>Quality King</u> is that the phonorecords imported in this case were produced in a foreign country." <u>Id</u>. The Court refused to apply the first sale doctrine and denied the motion to dismiss the case thus permitting the copyright infringement claim to proceed. See also, <u>Lingo Corp v. Topix, Inc.</u>, 2003 WL 223454 (S.D.N.Y. Jan. 31, 2003).

On the basis of the facts present there can be no doubt that plaintiff will prevail on the merits of its copyright infringement claims.

B.    Plaintiff Will Be Denied Meaningful Relief If
      Impoundment Is Not Ordered At This Time.

The House Report on the Copyright Act states that §503(a) permits "seizures of articles alleged to be infringing as soon as suit has been filed and without waiting for an injunction." H.Rep. No. 94-1476, 94th Cong., 2d Sess. 160 (1976).

The accompanying affidavits establish that defendants have illegally distributed copies in blatant infringement of plaintiff's rights under the Copyright Act. The affidavits further establish that defendants have in its possession or control other illegal copies which infringe plaintiff's rights. All such copies are subject to seizure and impoundment.

A presumption of irreparable harm arises when plaintiff establishes, as it has in this case, a prima facie case of copyright infringement. Apple Computer Inc. v. Franklin Computer Corp., 714 F.2d 1240, 1254 (3rd Cir. 1983), cert. denied, 464 U.S. 1033 (1984); 3 M.B. Nimmer and D. Nimmer, Nimmer On Copyright § 14.06 [A]. "In copyright cases ... if probable success - a prima facie case of copyright infringement - can be shown, the allegations of irreparable injury need not be detailed, because such injury can normally be presumed when a copyright is infringed."; Wainwright Securities, Inc. v. Wall Street Transcript Corp., 558 F.2d 91, 94 (2d Cir. 1977), cert. denied, 434 U.S. 1014 (1978).

Even without this presumption, however, it is obvious that

plaintiff has been caused irreparable harm as a result of defendants' copyright infringements.  The defendants' unauthorized distribution of plaintiff's copyrighted works have usurped plaintiff's right to reproduce and distribute, and to authorize the reproduction and distribution of, its copyrighted works pursuant to 17 U.S.C. §§106(1) and (3).

Additionally, production and distribution of motion pictures require a substantial investment by plaintiff's licensors.  Unauthorized reproductions and rentals or sales of illegal copies of those pictures limit the ability of motion picture producers to recoup their enormous original investment.

Ex parte seizure is not only characteristic of, but mandated in piracy actions such as this, where the defendant has chosen the easy course of duplicating copyrighted product or distributing unauthorized copies.  An ex parte order is necessary because, as recognized in In re Vuitton et Fils, S.A., 606 F.2d 1, 4-5 (2d Cir. 1979) and its progeny, proceedings against those who deliberately traffic in infringing merchandise are often rendered useless if notice is given to the infringers before impoundment relief can be granted.  The illegal videocassettes and/or videodiscs in the possession of defendants are small, light weight, and thus are easily transported. Similarly, videocassette and videodisc recorders can easily be packed and moved.  If defendants are notified of this

14

application, these videodiscs, videocassettes and recorders will undoubtedly be disposed of, transported or concealed.

C.    On Numerous Occasions, Courts Have Granted Plaintiff's Applications for Orders of Seizure.

Plaintiff and plaintiff's predecessor in interest have obtained orders of seizure and other relief in similar cases. In Century Home Entertainment Inc. v. Laser Beat., et al., 30 U.S.P.Q. 2d 1811, 1812 (E.D.N.Y. 1994), Judge Sterling Johnson stated that in video piracy cases such as this present action:

> "It is the norm in this district that where a danger of destruction or hiding of the evidence exists to grant ex parte orders of seizure."

Century Home Entertainment is plaintiff's predecessor in interest.

In addition to the precedent cited above, courts have issued decisions confirming orders of seizure issued on U2 Home Entertainment, Inc.'s ex parte application. See, U2 Home Entertainment, Inc. v. Bowery Music City, Inc., 2003 WL 22889738 (S.D.N.Y. December 8, 2003).

Orders of Seizure have also been issued for plaintiff in the following cases in New York federal courts: U2 Home Entertainment, Inc. v. Gao Sheng Music, Inc. Civ-06-5035 (RDJ)(RO) (E.D.N.Y. 09/15/06); U2 Home Entertainment, Inc. v. Rong Chen and John Does I through V doing business as "Rainbow Disc, Inc." 06-Civ-5036 (RDJ)(RO) (E.D.N.Y. 09/15/06); U2 Home Entertainment, Inc. v. Far East Wireless, Co., Inc. and "John

Does I through V" 06-Civ-5242 (LTS) (S.D.N.Y. 07/10/06); U2 Home
Entertainment, Inc. v. Fu Shun Wang and "John Does III through
V" doing business as "Gai Fat Rentals"; Li Xin DVD Rental Inc.
and Jia Li VCD Rental Inc, also doing business as "Gai Fat
Rentals" 06-Civ-3342 (AAR)(RER) (E.D.N.Y. 07/10/06); U2 Home
Entertainment Inc., v. On Kam Moi and Lisa Yeung doing business
as "Peace Video Inc.", 05-Civ-4823 (ARR)(VVP) (E.D.N.Y.
10/12/05); U2 Home Entertainment Inc., v. Wonder Forever
International Group, Inc. and Jie Xhao, 05-Civ-4821 (JG)(KAM)
(E.D.N.Y. 10/12/05); U2 Home Entertainment Inc., v. John Does I
through V, doing business as "Mysohoo Group Inc.", 05-Civ-4822
(DGT)(RML) (E.D.N.Y 10/11/05).  Copies of the orders entered in
these and other cases are available upon request.

     Plaintiff also seeks an order for the impoundment of
records from defendants only regarding the identification of
defendants.  The Trademark Counterfeiting Act specifically
authorizes the impoundment of records, U.S.C. § 1116(d) states
as follows:

          "(d) Civil actions arising out of use of
          counterfeit marks
          (1)(A) In the case of a civil action arising
          under section 1114(1)(a) of this title or
          section 220506 of Title 36 with respect to a
          violation that consists of using a sale,
          offering for sale, or distribution of goods
          or services, the court may, upon ex parte
          application, grant an order under subsection
          (a) of this section pursuant to this
          subsection providing for the seizure of

goods and counterfeit marks involved in such marks, and records documenting the manufacture, sale, or receipt of things involved in such violation."

See also, Reebok Inter. Ltd. v. Marnatech Enterprises, Inc., 737 F.Supp. 1521 (S.D. Cal 1989).

Further, district courts, through their grant of equity power, have the inherent authority to issue such relief as the necessities of each particular case merit. Hect Co. V. Bowles, 321 U.S. 321 (1944). District courts also have broad power to expedite discovery to require early documentation production in appropriate cases. See, Fed.R.Civ.P. 34(b).

In this case plaintiff is requesting permission to temporarily impound records regarding the identity of "John Does" I through V. There is no such corporation or business entity registered with the Secretary of State of the State of New York by the name "Broadway Video". Further, plaintiff has been unable to locate any certificate of doing business. This lack of documentation indicates that the defendants are knowingly seeking to evade personal responsibility for their operation of a business engaged in copyright infringement. In this situation it is appropriate to order the temporary impoundment of records reflecting the identity of "John Does" I through V.

Plaintiff has suggested that it post a bond in the amount of $10,000, more than twice the value of items expected to be

seized from defendants.  Thus defendants are adequately protected in the event it is determined at a future time that the relief sought by plaintiff was improperly granted.

D.   Impoundment May Also Be Appropriate Under the Lanham Act.

Although the unauthorized copies purchased from defendants which have been described in support of this application were not found to bear plaintiff's trademarks or tradenames, there may be unauthorized copies in defendants' store that bear plaintiff's trademarks and tradenames.  Impoundment of such copies would also be appropriate under the Lanham Act, 15 U.S.C. 1116(d).  See the Third Cause of Action of the Complaint; Matter of Vuitton et Fils S.A., *supra*; Vuitton v. White, *supra*.

II.   JUSTICE WILL BE BEST SERVED BY AN ORDER
      TEMPORARILY SEALING THE COURT FILE IN THIS CASE.

An order temporarily sealing the court file is wholly consistent with the expedited nature of these proceedings and the extraordinary relief requested by plaintiff.  If the identity of the parties and the nature of the relief sought by plaintiff are publicized, the Court may be denied the opportunity of granting effective relief.  The nature and size of the infringing products are such that defendants can rapidly and easily move, destroy, or conceal them.

It is beyond question that this Court has discretion to

control and seal files and records in its possession.  Crystal
Grower's Corp. v. Dobbins, 616 F.2d 458, 461 (10th Cir. 1980).
See Nixon v. Warner Communications, Inc., 435 U.S. 589, 598
(1978); Nixon v. Sirica, 487 F.2d 700, 721 (D.C. Cir. 1973).
Plaintiff anticipates that the Order in this action will be
executed promptly that sealing of the file will be necessary for
a short time.  Thus, restrictions on the Court Clerk and public
access to these records will be minimal.  Any such minimal
potential restrictions are far outweighed by the need,
recognized in the Copyright Act and the Fed.R.Civ.P. Rule 65(f),
for seizure and impoundment without notice.

Similar orders sealing the case file were issued in the
cases listed on pages 15 through 16.

Accordingly, plaintiff respectfully requests that the Court
issue an order temporarily sealing the file in this case for the
purpose of promoting justice and enforcement of its orders.

**CONCLUSION**

For the foregoing reasons, plaintiff respectfully requests that the Court grant its application for: 1) seizure and impoundment of defendants' infringing copies and devices which can reproduce infringing motion pictures copyrighted by plaintiff and any records regarding the identity of "John Does" I through V; 2) approval of the bond in the amount of $10,000; and 3) temporary sealing of the Court file.

Dated: ___9/14___, 2007    SARGOY, STEIN, ROSEN & SHAPIRO

By: _____
Harvey Shapiro, Esq.
1790 Broadway, 14th Floor
New York, New York 10019
ATTORNEYS FOR PLAINTIFF
(212) 621-8224