UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - -x    07-CIV-8296(SHS)

U2 HOME ENTERTAINMENT, INC.,                :
                                            :
                Plaintiff,                  :
                                            :
        vs.                                 :
                                            :
FU SHUN WANG AND "JOHN DOES" II             :
THROUGH V DOING BUSINESS AS                 :
AS "BROADWAY VIDEO"                         :
                                            :
                Defendants.                 :
                                            :
- - - - - - - - - - - - - - - - - - - -x


MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION FOR A DEFAULT JUDGMENT FU SHUN WANG DOING BUSINESS AS
"BROADWAY VIDEO"

## TABLE OF CONTENTS

Page

Factual and Procedural History....................................4

Argument........................................................6

I.    Plaintiffs Are Entitled To A Default Judgment Against
      Defendants Pursuant To The Federal Rules Of Civil
      Procedure.................................................6

II.   Plaintiff Is Entitled To A Default Judgment Against
      Defendants Based Upon The Well-Pleaded Allegations
      Of The Complaint.........................................7

III.  Plaintiff Is Entitled To An Award Of Statutory
      Damages..................................................8

      A. The Award Of Statutory Damages Is Authorized By The
         Copyright Act.........................................8

      B. Plaintiff As The Owner Of Works With Copyright
         Registrations May Recover Statutory Damages...........9

      C. Plaintiff Elects To Recover Statutory Damages As
         Provided By The Copyright Act........................10

      D. Plaintiff Is Entitled To An Award Of Statutory
         Damages For Each Episode Infringed...................11

      E. The District Court Is Afforded "Broad Discretion" In
         Determining The Amount Of Statutory Damages..........14

      F. An Evidentiary Hearing To Determine Statutory Damages
         Is Not Required......................................19

IV.   Plaintiff Is Entitled To A Recovery Of Its Costs Of Suit
      Including Reasonable Attorneys' Fees.....................20

V.    Plaintiff Should Be Awarded A Permanent Injunction To
      Enjoin Future Infringements..............................21

Conclusion.....................................................23

Plaintiff U2 Home Entertainment, Inc. submits this memorandum of law in support of its motion for a default judgment pursuant to Fed.R.Civ.P. Rule 55(b)(2), against Fu Shun Wang d/b/a Broadway Video (hereinafter referred to as "Defendant") on the grounds that Defendant has failed to answer or otherwise move in response to the Complaint and the Amended Complaint.    In relief, plaintiff seeks 1) minimum statutory damages of $750 per work infringed for a total damage award of $200,250.00 for the infringement of plaintiff's works which are protected under the Copyright Act; 2) its costs of suit including reasonable attorneys' fees only if plaintiff is not awarded $200,250.00 in statutory damages; and 3) a permanent injunction against Defendant.

## FACTUAL AND PROCEDURAL HISTORY

Plaintiff, a motion picture company and copyright owner, filed this lawsuit under the Copyright Act, Title 17 U.S.C. § 101, et seq., and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for the unauthorized duplication, importation and/or distribution by Defendant of the copyrighted motion pictures in which plaintiff owns exclusive distribution rights ("Plaintiff's Motion Pictures").    Plaintiff U2 Home Entertainment, Inc. has obtained exclusive authority from Asian language theatrical motion picture production and distribution companies and television program owners in Asia to distribute their works.    All

of the motion pictures at issue herein are registered under the
United States Copyright Act or have applications pending at the
Copyright Office; and are also protected by international
copyright conventions.  Also, these works are protected under the
Lanham Act since legitimate copies bear federally registered
trademarks and tradenames.  Pursuant to that authority, plaintiff
imports, manufactures or authorizes the manufacture of the motion
pictures in videocassette and/or, videodisc formats and
distributes these authorized copies in Asian-American communities
throughout the United States, including New York.

Defendant operates a retail video store known as "Broadway
Video" located at 120 East Broadway, Unit C, New York, New York.
Plaintiff has never granted to Defendant the right to import,
reproduce or to distribute unauthorized videocassettes or
videodiscs of Plaintiffs' Motion Pictures.  Nonetheless,
Defendant has distributed unauthorized duplicates and/or imported
copies of Plaintiff's Motion Pictures. Through purchases made
prior to the filing of this action, plaintiff became aware that
Defendant was selling unauthorized copies of Plaintiff's Motion
Pictures.

On September 24, 2007, plaintiff commenced this action.  At
the time of filing, plaintiff did not know the identities of the
persons doing business at 120 East Broadway, Unit C, New York,
New York.  Therefore, the complaint named as defendants "John
Does" I through V.  The Complaint asserts that defendants have

duplicated and/or distributed unauthorized versions of plaintiff's copyrighted motion pictures. Also on September 24, 2007, on plaintiff's ex parte application, an Order to Show Cause was issued providing, inter alia, for the seizure of unauthorized copies of Plaintiff's Motion Pictures and any equipment being used to duplicate such copies from defendants. On October 6, 2007, the United States Marshal, accompanied by plaintiff's representatives, went to defendants' retail store to effect the Order to Show Cause. At that time, defendants were served with the Order to Show Cause and the Summons and Complaint. Concurrently with the service of pleadings, approximately 123 unauthorized videodiscs of Plaintiff's Motion Pictures were seized from the retail store.

At the time of the seizure plaintiff was also able to seize documents that identified Mr. Wang as one of the "John Doe" defendants. Mr. Wang is also the owner of a store located in Brooklyn, New York that has been sued by plaintiff two times for its distribution of illegally duplicated discs. In U2 Home Entertainment, Inc., vs. Fu Shun Wang and "John Does III through V" doing business as "Gai Fat Rentals"; Li Xin DVD Rental Inc. and Jia Li VCD Rental Inc., also doing business as "Gai Fat Rentals" CIV-06-3342(ARR)(RER), plaintiff was awarded on default, $383,250.00 against Mr. Wang. Recently, plaintiff instituted the action U2 Home Entertainment, Inc. vs. Li Xin DVD Rental, Inc., Fu Shun Wang and Ming Zhong Lam d/b/a "Gai Fat Rentals", CIV-07-

3903(ARR)(RER) this case is still in litigation.

Subsequently, the complaint was amended to name Mr. Wang as a defendant.  Thereafter, Defendant was served with a copy of the Amended Summons and Amended Complaint.  Proof of such service has been e-filed with the Court.

Defendant has not answered, or otherwise moved in response to the Complaint or the Amended Complaint.  The time for Defendants to answer has expired.

Therefore, Defendant, by his default, has conceded the well-pleaded allegations of liability as set forth in the Amended Complaint.

## ARGUMENT

### I. PLAINTIFFS ARE ENTITLED TO A DEFAULT JUDGMENT AGAINST DEFENDANTS PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE.

Fed.R.Civ.P. 55(a) provides that a party against whom judgment is sought will be held in default unless that party pleads within the time period allotted by statute.  10 Moore's Federal Practice 3d § 55.10[2][a] at 55-11(3d Ed. 2002). Pursuant to Fed.R.Civ.P. 55(b)(2), where a claim is not for a sum certain, the party seeking entry of default must apply to the court for determination of default.  10 Moore's Federal Practice 3d § 55.20[2][a] at 55-26 (3d Ed. 2002).

There is no question that Defendant has been properly served in this action.  The affidavits of service for the Complaint and

Amended Complaint have been filed with the Clerk of Court. Defendant has knowingly decided not to provide an answer to the Amended Complaint.

Further, there can be no question that Defendant has failed to appear or otherwise defend this action. As detailed in the affidavit of Harvey Shapiro, submitted along with this motion, Defendant has not answered nor moved with respect to the Complaint nor the Amended Complaint. The time for Defendant to answer with respect to the Amended Complaint has expired.

II. PLAINTIFF IS ENTITLED TO A DEFAULT JUDGMENT AGAINST DEFENDANTS BASED UPON THE WELL-PLEADED ALLEGATIONS OF THE COMPLAINT.

Upon the entry of default, the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true. See Chen v. Jenna Lane, Inc. 30 F. Supp. 2d 622, 623 (S.D.N.Y. 1998); Trans World Airlines, Inc. v. Hughes, 449 f.2d 51, 69 (2d Cir. 1971); and 10 James W. Moore, Moore's Federal Practice §55.12[1] (3d Ed. 2002).

Further, a party's default is deemed to constitute a concession of all well-pleaded allegations of liability. Greyhound Exhibitgroup Inc. E.L.UL Realty Corp., 973 F.2d 155,158 (2d Cir. 1992) cert. denied, 113 S.Ct. 1049(1993); Flaks v. Koegel, 504 F.2d 702, 707 (2d Cir.1974); and Fed.R.Civ.P. 8(d).

Defendant has conceded all well-pleaded allegations of the Amended Complaint by his default. The Amended Complaint alleges

with particularity that plaintiff is the owner of exclusive rights to distribute products bearing copyrighted works registered under the Copyright Act and bearing registered trademarks issued under the Lanham Act; and that Defendant has sold and/or distributed unauthorized copies of Plaintiff's Motion Pictures bearing plaintiff's trademarks and infringing plaintiff's copyrighted work.  The affidavit of Lynda Hung, restates and verifies the allegations of the Complaint and Amended Complaint.

Further, there can be no doubt, but that Defendant is the individuals responsible for the copyright infringement as evidenced by the document seized on October 6, 2007.


III. PLAINTIFF IS ENTITLED TO AN AWARD OF STATUTORY DAMAGES.

Plaintiff by this motion requests an award of minimum statutory damages, as provided under the Copyright Act, of $750 for each episode of each registered work infringed by Defendant for which plaintiff is the exclusive distributor.


A. The Award of Statutory Damages is Authorized by the Copyright Act.

Section 504(a) of the Copyright Act states that "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer..., (2) statutory damages as provided by subsection

(c)." 17 U.S.C. § 504(a).

Section 504(c) provides that

> "the copyright owner may elect...to recover,
> instead of actual damages and profits, an
> award of statutory damages for all
> infringements involved in the action, with
> respect to any one work, for which any one
> infringer is liable individually, or for which
> any two or more infringers are liable jointly
> and severally, in a sum of not less than $750
> or more than $30,000 as the court considers
> just." 17 U.S.C. § 504(c)(1).

In addition, where the court finds willful infringement,
"the court in its discretion may increase the award of statutory
damages to a sum of not more than $150,000." 17 U.S.C. §
504(c)(2).


B. Plaintiff as the Owner of Copyright Works With
Registrations May Recover Statutory Damages.

In order for a copyright owner to recover statutory damages
and attorney's fees the work must have been registered with the
United States Copyright Office or registration must have occurred
within three months after the first publication of the work in
the United States. 17 U.S.C. § 412.

A certificate of copyright registration is *prima facie*
evidence that the copyright is valid and of the facts stated in
the certificates. Fonar Corp. v. Domenick, 105 F.3d 99, 104 (2d
Cir. 1997); 17 U.S.C. § 410(c). Attached to the affidavit of
Lynda Hung are the copyright registrations for the works for

which plaintiff seeks statutory damages.

Therefore, plaintiff has established *prima facie* evidence of ownership of exclusive rights to the works for which it seeks statutory damages.  Further, the affidavit of Ms. Hung details plaintiff's ownership of exclusive rights to all of the motion pictures at issue in this case.

C. Plaintiff Elects to Recover Statutory Damages As Provided By The Copyright Act.

Under the Copyright Act § 504(c)(1), a copyright plaintiff may elect to recover statutory damages, instead of recovering plaintiff's actual damages and defendant's profits.[1]  The copyright owner may elect to recover statutory damages, instead of actual damages and defendant's profits, and may make such an election regardless of the adequacy of the evidence offered as to his actual damages and the amount of defendant's profits.  See, Melville B. Nimmer and David M. Nimmer, 4 Nimmer on Copyright §10.04[A], 14-446.64 (2003).

Plaintiff elects statutory damages for each of 267 registered works infringed by Defendant.  Plaintiff requests $750 per copyrighted work infringed; this amount represent the minimum request of statutory damages.

In order for a copyright owner to recover statutory damages and attorneys' fees the work must have been registered with the

---

1 Under the Lanham Act, plaintiff also has the right to recover damages. 15 U.S.C. § 1117(a)

United States Copyright Office or registration must occur within three months after the first publication of the work in the United States.  17 U.S.C. § 412.  With this motion, plaintiff has presented copyright registration certificates for the works that plaintiff requests statutory damages.  The list of works seized from Defendants is attached to the affidavit of Lynda Hung submitted herewith.

At the time of the first purchases of unauthorized works from Defendant or the seizure on October 6, 2007, 267 separate copyrighted works were registered with the Copyright Office.  Of the remaining works that were pending at the time of the seizure, plaintiff does no seek statutory damages for these works.[2]

Therefore, plaintiff requests an award of statutory damages of $750 for each of 267 copyrighted works for a total award of $200,250.00.  For the remaining works, plaintiff does not request damages.

D. Plaintiff Is Entitled To An Award Of Statutory Damages
   For Each Episode Infringed.

A statutory damage award for each copyrighted motion picture or television episode infringed is appropriate in this action.

Courts in this circuit award statutory damages pursuant to § 504(c) for each separate work infringed.  *See*, Knitwaves, Inc. v. Lollytogs, Inc., 71 F.3d 996, 1010 (2d Cir. 1995) (awarding statutory damages of $25,000 for each sweater design infringed)

_____

[2] These works are identified in Exhibit A to Ms. Hung's affidavit.

and Basic Books, Inc. v. Kinko's Graphics Corp., 758 F.Supp. 1522, 1542 (S.D.N.Y. 1991).

Two types of works were seized from Defendant. First, full length motion pictures for which plaintiff requests statutory damage for each separate motion picture. Second, unauthorized copies of separate television episodes were seized from defendants. These works are programs akin to American soap operas, containing episodes of an ongoing television series. For a certain of these title seized, plaintiff seeks an award of statutory damages for each episode infringed. A statutory damage award for each episode of a television series infringed is appropriate. *See*, Twin Peaks Productions, Inc. v. Publications International, Ltd., 996 F.2d 1366 (2d Cir. 1993); Stigwood Group Ltd. v. O'Reilly, 530 F.2d 1096 (2d Cir. 1976) *cert. denied* 429 U.S. 848 (1976); Antenna Television v. Aegean Video Inc., 1996 WL 298252 (E.D.N.Y. 1996); and Columbia Pictures Television v. Krypton Broadcasting of Birmingham, Inc., 106 F.3d 284 (9th Cir. 1997), aff'd 259 F.3d 766 (11th Cir. 1996).

Further, an award of damages for each episode of a series infringed is appropriate even if multiple episodes are a part of one copyright registration. In Gamma Audio and Video, Inc. v. Ean-Chea, 11 F.3d 1106 (1st Cir. 1993), plaintiff sought separate awards of statutory damages for copyright infringement for each of four episodes of a television series; all episodes were registered on a single copyright registration form. The court

held that the infringement involved four separately produced television episodes and statutory damages for each separate episode were appropriate, even though the episodes were registered together.

Recently, this reasoning was followed in this circuit by U2 Home Entertainment, Inc. v. Fu Shun Wang, et al., 482 F. Supp. 2d 314 (E.D.N.Y 2007).  It should be noted that the defendant Fu Shun Wang is the same defendant herein.  In that case, plaintiff was permitted to recovery statutory damages for multiple episodes of Plaintiff's Motion Pictures on a single copyright registration.  Also, in U2 Home Entertainment, Inc. v. John Does I through V, d/b/a "Go Go Mall", 2005 WL 3018702 (E.D.N.Y. Sept. 13, 2005) (Report and Recommendation).  Plaintiff sought damages for each episode of several television series infringed.  The Court stated that "the Second Circuit has not rejected this expansion of Twin Peaks Prod. and this Court finds the application of Gamma Audio and Video to the facts in the present case to be both persuasive and appropriate." Id. at *11.  The Court awarded damages of $750 for each episode of the television series infringed; stating "[n]ot withstanding that certain episodes are part of one copyright registration, statutory damages may be awarded for each individual episode." Id. at *3. See also, U2 Home Entertainment, Inc. v. Mabel Lo d/b/a P-Ling, 02-Civ-5829 (JGK)(HBP) (S.D.N.Y. 2002); and U2 Home Entertainment Inc. v. Music Depot Inc. et al. 06-Civ-5241 (BSJ)(GWG) (S.D.N.Y.

2006),    (Copies of the Report and Recommendation for the two previous cases are available upon request.)

Plaintiff's Motion Pictures were illegally being distributed by defendants on DVD-9 format.   DVD-9 is a format of digital video disc which allows longer lengths of programming as compared to the regular DVD format.   The DVD-9 format has a generally poorer picture and sound quality as compared to regular DVD formats.   Plaintiff does not use the DVD-9 format for any of its motion pictures.   Pirates use this format because they can place a large amount of episodes of Plaintiffs' Motion Pictures on a single disc.   A list of the works seized and the number of registered works for which plaintiff seeks statutory damages is attached to the affidavit of Ms. Hung as Exhibit A.   This list indicates that 267 separate copyrighted works were infringed.

Therefore, an award of statutory damages per episode infringed is appropriate.   Plaintiff is requesting statutory damages for the 267 episodes infringed.

E.  The District Court Is Afforded "Broad Discretion" In
    Determining The Amount Of Statutory Damages.

The District Court is afforded broad discretion in determining the amount of statutory damages.   Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, 1116 (2d Cir. 1986); Getaped.com, Inc. v. Cangemi, 188 F.Supp.2d, 398, 403 (S.D.N.Y. 2002); and National Football League, 131 F.Supp.2d at 472; Stevens v. Aeonian Press, Inc., 64 USPQ 2d 1920, 1921, 2002 WL

31387224 (S.D.N.Y. Oct. 23, 2002) ("it is well established that district courts have broad discretion"). On this topic, Nimmer states "As long as the district court acts within the prescribed statutory limits, its discretion will probably be upheld on appeal." (Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 14.04[B][1][a] at 14-70. (Matthew Bender & Company, Inc. 2005)

As set forth above, the statutory damage provisions of the Copyright Act provide a tiered scheme for awarding statutory damages. They may be assessed in the range of $750 to $30,000 per work infringed or, upon a finding of willfulness, may be assessed up to $150,000 per work infringed. Furthermore, "the statutory rule, formulated after long experience, not merely compels restitution of profit and reparation for injury but is also designed to discourage wrongful conduct". F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 233 (1952).

The Court may infer that defendant knowingly and recklessly disregarded the plaintiff's copyright because of defendant's default. Microsoft Corp. v. Wen, 2001 U.S. Dist. LEXIS 18777, at *14-17 (N.D. Cal. 2001) (default alone established willfulness based on allegations of willfulness in plaintiff's complaint). See also, Original Appalachian Artworks, Inc. v. Yuil International Trading Corp.; 5 U.S.P.Q. 2d (BNA) 1516, 1524 (S.D.N.Y. 1987) (inference of willfulness drawn by "defendant's failure to appear and defend this action" particularly in light

of plaintiff's allegation of willfulness).

In the Second Circuit, the case law regarding the award of statutory damages for copyright infringement was reviewed by Judge Martin in Stevens v. Aeonian Press, Inc., 64 U.S.P.Q. 2d 1920, 2002 WL 31387224 (S.D.N.Y. Oct. 23, 2002). In that case, the Court summarized the approach to be taken in determining an appropriate award of statutory damages as follows:

> "The Court has broad discretion in awarding statutory damages. Fitzgerald Pub. Co. v. Baylor Pub. Co., 807 F.2d 1110, (2d Cir. 1986). In making such an award, the Court is required to consider various factors, including the expenses saved and profits reaped by the defendants, the revenues lost by the plaintiffs, the value of the copyright, the deterrent effect of the award on other potential infringers, and factors relating to individual culpability. These include the innocence or willfulness of the conduct, whether the defendant has cooperated in providing records from which to assess the value of the infringing materials produced, and the potential of the award for discouraging the defendant. Id. at 1117. See also, F.W. Woolworth Co. v. Contemporary Arts, Inc., 344 U.S. 228, 234 73 S/Ct/ 222, 226, 97 L.Ed 276 (1952) (recovery is not limited to gross profit from infringement; court may consider all facts); Superior Form Builders v. Chase Taxidermy Supply Co., 14 F.3d 488, 496 (4th Cir.), cert. denied, 519 U.S. 809, 117 S.Ct. 3, 136 L.Ed2d 16 (1996) (focus is not only on actual damages suffered, but also on "any evidence that the defendants have a history of copyright infringement; any evidence that the defendants are apparently impervious to either deterrence or rehabilitation; the extent of the defendant's knowledge of the copyright laws; any misleading or false statements made by the defendants; … and any factor which the jury believed evidences the defendants knew, had

reason to know, or recklessly disregarded conduct constituted copyright infringement."); Chi-Boy Music v. Charlie Club, Inc., 930 F.2d 1224, 1229 (7th Cir. 1991) ("The court was not required to follow any rigid formula ... When the infringement is willful, the statutory damages award may be designed to penalize the infringer and to deter future violation"). As the court stated in Dream Dealers Music v. Parker, 924 F.Supp. 1146, 1153 (S.S.Ala.1996), '[f]oremost, the court must ward an amount that will put the defendant on notice that it costs more to violate the copyright law than to obey it.'"

Using this standard, the Court awarded $30,000 for each of 16 works infringed or $480,000. See also, U2 Home Entertainment, Inc. v. Lai Ying Music & Video Trading, Inc. and Wei Ping Yuan, 2005 U.S. Dist. LEXIS 9853 (S.D.N.Y. May 25, 2005) aff'd in relevant part 2007 U.S. App. LEXIS 8650 (April 9, 2007) (awarding $150,000 for each motion picture infringed); Knitwaves, Inc. v. Lollytogs, Inc., 71 F.3d 996, 1010 (2d Cir. 1995) (awarding statutory damages in a case of willful infringement for $50,000); Twin Peaks Productions, Inc. v. Publications Intern. Ltd., 996 F.2d 1366, 1380 – 1381 (2d Cir. 1993)(awarding statutory damages of $15,000 for each episode of a television series infringed); Odegard, Inc. v. Costikyan Classic Carpets, 963 F.Supp. 1328, 1342 (S.D.N.Y. 1997) (Where statutory damages of $25,000 for one willful infringement were awarded at a time when the maximum damages for a nonwillful infringement was $20,000, and there was no showing that plaintiffs had lost profits or the defendants had benefited financially from the infringement); Kenbrooke Fabrics,

Inc. v. Holland Fabrics, Inc., 602 F.Supp. 151 (S.D.N.Y. 1984)
(assessing $50,000 per work when maximum statutory was $50,000);
Lauratex Textile Corp. v. Alton Knitting Mills, Inc., 519 F.Supp.
730, 733, (S.D.N.Y. 1981)(assessing $50,000 per work when maximum
statutory was $50,000); and Warner Bros. Ent., v. Caridi, 346
F.Supp.2d 1068 (C.D.Cal. 2004)(award of $150,000 per work
infringed on default judgment.)

In this case, plaintiff seeks statutory damages of
$200,250.00. This amount represents only the minimum statutory
damages award of $750 per work.

It is clear that Defendant has willfully infringed
plaintiff's copyrights as demonstrated by the following:

First, Plaintiff's Motion Pictures were being distributed on
the DVD-9 Format which format plaintiff never uses to distribute
its discs;

Second, Defendant has been sued for similar conduct on two
separate occasions by plaintiff and subject to a permanent
injunction.

Although the undisputed facts support a finding of
willfulness demonstrated by Defendants' default, plaintiff only
seeks minimum statutory damages in light of number of works
infringed.

F. An Evidentiary Hearing To Determine Statutory Damages Is Not Required.

Plaintiff's request for an award of minimum statutory damages does not require the Court to conduct an evidentiary hearing.  Court have awarded damages post-default without an evidentiary hearing based upon affidavits submitted by the copyright plaintiff.  *See*, e.g., Tamarin v. Adam Caterers, Inc., 3 F.3d 51, 54 (2d Cir. 1993) (not necessary to hold a hearing to assess post-default damages where the court relied on affidavits and documentary evidence); Fustock v. ContiCommodity Services, Inc., 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").  *See also*, Transatlantic Marine Claims Agency v. Ace Shipping Corp., 109 F.3d 105 (2d Cir. 1997); Original Appalachian Artworks, Inc. v. Yuil International Trading Corp., 5 U.S.P.Q.2d (BNA) 1516 (S.D.N.Y. 1987); and Fallaci v. The New Gazette Literary Corp., 568 F.Supp. 1172 (S.D.N.Y. 1983).

Defendant's liability for infringement of plaintiff's copyrighted motion pictures is established by his default and the only issue for the Court is the relief to which plaintiff is entitled.

Courts frequently award enhanced statutory damages as part of default judgments in copyright infringement cases.  *See*, Ortiz-Gonzales v. Fonovisa, 277 F.3d 59, 63-64 (1st Cir. 2002);

Getaped.com, Inc. v. Cangemi, 188 F. Supp. 2d 398, 400-402
(S.D.N.Y. 2002); and Warner Bros. Ent., Inc. v. Caridi, 346
F.Supp.2d 1068 (C.D.Cal 2004) (award of $150,000 per work
infringed on default judgment). However, by this motion,
plaintiff seeks statutory damages of $200,250.00 (See affidavit
of Lynda Hung). This amount represents only the minimum
statutory damages award of $750.00 for each work infringed.
Although the facts of this case would support a higher award due
to the evidence of willfulness due to Defendant's default,
plaintiff only seeks statutory damages of $750 for each
registered work infringed.


IV. PLAINTIFF IS ENTITLED TO A RECOVERY OF ITS COSTS OF SUIT
    INCLUDING REASONABLE ATTORNEYS' FEES.

     The prevailing party in a copyright action is permitted to
recover its costs including reasonable attorney's fees under the
Copyright Act. Therefore, plaintiff should be awarded its costs
in this action as the prevailing party.

     The Copyright Act, 17, U.S.C. § 505 provides as follows:

          "In any civil action under this title, the
          court in its discretion may allow the recovery
          of full costs by or against any party other
          than the United States or an officer thereof.
          Except as otherwise provided by this title,
          the court may also ward a reasonable
          attorney's fee to the prevailing party as part
          of the costs."


This Court has discretion whether to award attorney's fees

to the prevailing party in a suit for copyright infringement.
*See*, Fogerty v. Fantasy, Inc., 510 U.S. 517, 534 (1994).

A showing of willfulness provides further justification for
such an award in light of the goals of "compensation and
deterrence". *See*, Montgomery v. Noga, 168 F.3d 1282, 1303 (11th
Cir. 1999) (upholding attorney's fee ward where jury found
willful infringement); and Cable/Home Communication Corp. v.
Network Productions, Inc., 902 F.2d 829, 853 (11th Cir. 1990).

This is a case where the Court should exercise its
discretion to award plaintiff their reasonable costs including
attorneys' fees incurred herein. First, Defendant committed
willful copyright infringement. Second, an award of plaintiff's
attorneys' fees and costs will serve the important functions of
deterring future infringement, penalizing Defendant for his
unlawful conduct, and compensating plaintiff for the fees and
costs they were forced to incur in order to protect their
copyrights. However, if plaintiff is awarded statutory damages,
plaintiff will waive its right to recover costs including
reasonable attorneys' fees.


V. PLAINTIFF SHOULD BE AWARDED A PERMANENT INJUNCTION TO ENJOIN
   FUTURE INFRINGEMENTS.

Plaintiff is entitled to a permanent injunction under
both the Copyright Act and the Lanham Act. Section 502(a) of
the Copyright Act provides that:

"Any court having jurisdiction of a civil
action coming under this title may grant
temporary and final injunctions on such terms
as it may deem reasonable to prevent or
restrain infringement of copyright."

Where there has been a history of continuing infringement of
a copyright owner's works, and a significant threat of future
infringement, a permanent injunction may issue which applies not
only to the works in suit, but also to any other works presently
owned by the plaintiff copyright owner.  Encyclopedia Britannica
Educational Corp. v. Crooks, 542 F. Supp. 1156, 1187-1188
(W.D.N.Y. 1982); and Basic Books, Inc. v. Kinko's Graphics Corp.,
758 F. Supp. 1522, 1542 (S.D.N.Y. 1991) (enjoining infringement
of present and future copyrighted works).

Similarly, injunctive relief is appropriate under the Lanham
Act.  To obtain equitable relief under Section 43(a), plaintiffs
need not show actual confusion or deception, but only the
likelihood of confusion or deception as a result of defendant's
conduct.  Warner Bros. Inc. v. Gay Toys, Inc., 658 F.2d 76,79 (2d
Cir. 1981).

The record conclusively demonstrates that Defendant
distributed unauthorized copies of Plaintiff's Motion Pictures to
the public.  Those copies contained titles, trademarks and other
designations of origin associated with plaintiff.  Undoubtedly,
consumers purchasing the unauthorized copies would be confused as
to the source or manufacture of those products.  Accordingly, a
permanent injunction should be granted.

## CONCLUSION

Defendant has infringed plaintiff's copyrights to enhance the profits of their business, and deprived plaintiff of lawful revenues. The facts are clear and the plaintiff is entitled to judgment as a matter of law.

Wherefore, it is respectfully requested that plaintiff's motion for a default judgment be granted against Defendant: 1) awarding plaintiff statutory damages under the Copyright Act of $200,250.00; 2) awarding plaintiff its costs of suit including reasonable attorney's fees if plaintiff is not granted statutory damages; and 3) permanently enjoining Defendant, from infringing plaintiff's copyrights and trademarks.

Dated: Nov. 30, 2007

SARGOY, STEIN, ROSEN & SHAPIRO

By: _____
HARVEY SHAPIRO
1790 Broadway, 14th Floor
New York, N.Y. 10019
(212) 621-8224
ATTORNEYS FOR PLAINTIFF